**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOHN FLETCHER, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:10-cv-1204-WTL-MJD |
| DONALD STINE, et al., | ) ) ) |
| Defendants. | ) |

**Entry and Order Directing Dismissal of Action**

The court, having considered the complaint of John Fletcher, a state prisoner, and having applied the applicable standards to the matter, finds that the action must be dismissed. This conclusion is based on the following facts and circumstances:

1. As noted, Fletcher is a prisoner. Accordingly, his complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.*

   a, "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)).

   b. Pursuant to § 1915A, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

2. Fletcher has sued five Indiana Department of Correction employees based on their alleged involvement in the adjudication of a conduct report filed against him. Specifically, Fletcher alleges that the defendants denied him due process during a February 10, 2010, disciplinary hearing regarding the conduct report and again during a re-hearing on June 12, 2010. As a result of these proceedings Fletcher was allegedly subjected to cruel and unusual punishment. His claims are brought pursuant to 42 U.S.C. § 1983. He

seeks money damages, the dismissal of the conduct report, the restoration of good time and "a facility assignment without the education being an issue."

    3.    The circumstances associated with Fletcher's claims are revealed in two actions for habeas corpus relief he has brought:[1]

    a.    Fletcher alleges that a disciplinary proceeding was held on February 10, 2010, regarding the conduct report identified as No. NCF 10-01-0142 ("the conduct report"). At that time, he was sanctioned with loss of good time credits, phone restrictions and time served in segregation. Fletcher filed a petition for a writ of habeas corpus with respect to the February 10, 2010, disciplinary proceeding. *Fletcher v. Stine,* No. 1:10-cv-371-WTL-WGH (S.D. Ind. June 18, 2010)(*Fletcher I*). Fletcher's claim in *Fletcher I* was that the disciplinary proceeding was tainted with constitutional error.

    b.    *Fletcher I* was resolved through the granting of the respondents motion to dismiss. The rationale for the ruling was that the adjudication arising out of the conduct report "has since been vacated and a new hearing will be conducted. This renders the habeas action moot, and an action which is moot must be dismissed for lack of jurisdiction." Accordingly, *Fletcher I* was dismissed for lack of jurisdiction, which is the appropriate disposition of an action which has become moot. *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

    c.    A re-hearing and re-adjudication of the conduct report was completed on June 12, 2010, and Fletcher was again found guilty and sanctioned. Fletcher challenged the validity of the re-hearing in *Fletcher v. Stine,* No. 1:10-cv-976-LJM-TAB (S.D.Ind. August 4, 2010) (*Fletcher II*). In *Fletcher II*, the court denied Fletcher's petition explaining that there was no arbitrary action in any aspect of the re-hearing and re-adjudication of the conduct report and there was no constitutional infirmity in the proceeding which entitles Fletcher to the relief he seeks. Fletcher's due process and double jeopardy claim were specifically rejected.

    4.    Fletcher's complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981).

---

[1] The "court may take judicial notice [of] its own court documents and records." *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364 (7th Cir. 1983).

5. Applying the foregoing standards, the court finds that the element of state action is adequately alleged, but that the complaint nonetheless fails to state a claim upon which relief can be granted.

   a. Fletcher seeks the restoration of good time credits through this action. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

   b. Fletcher's due process claim for damages is dismissed without prejudice because Fletcher's claims are based on actions attributed to the defendants which resulted in the imposition of a sanction which lengthened the anticipated duration of his confinement. Where "success in a . . . [§] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck*).

   c. As to the Eighth Amendment claim, conditions of confinement may rise to the level of a constitutional violation only if those conditions involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991). Fletcher's claim that he was subjected to cruel and unusual punishment is dismissed with prejudice because it lacks factual content allowing the court to draw the reasonable inference that the conditions of his confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992)("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety.").

6. For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The due process claim shall be dismissed without prejudice, while the Eighth Amendment claim shall be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 01/04/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana